## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FRANK J. NIELANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-2013-CM |
| | ) |
| THE BOARD OF COUNTY | ) |
| COMMISSIONERS OF THE | ) |
| COUNTY OF REPUBLIC, | ) |
| KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER STAYING DISCOVERY

This matter comes before the court upon defendants' motion to stay discovery (Doc. 16). Defendants have filed a memorandum in support of their motion (Doc. 17) and seek to have the court stay discovery in this matter pending a ruling by the trial judge, U.S. District Judge Carlos Murguia, on their motion to dismiss (Doc. 8). During the scheduling conference conducted by the court on July 31, 2006, counsel for plaintiff indicated to the court that plaintiff does not oppose defendants' request to stay discovery in this matter.

The court does not ordinarily favor staying discovery pending resolution of dispositive motions because of the delay such a stay may occasion in obtaining a timely resolution of the matter. However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided. . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted

discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful."[1]

At this time, defendants have filed a motion to dismiss (Doc. 8) for failure to state a claim, in which they assert, *inter alia*, claims of absolute and qualified immunity. Plaintiff agrees that defendants' motion has the potential to full dispose of his claims in this matter. Additionally, the court has not yet entered a scheduling order to govern completion of discovery and pretrial activities in this matter.

There is a potential for the ruling on the pending motion to dismiss to be completely dispositive of the case, to eliminate one or more defendants from the action, or to narrow the issues remaining for discovery. Moreover, the parties agree that facts sought by any discovery would not impact the briefing or resolution of the motion. Accordingly, by imposing a stay on discovery now, before discovery activities have truly begun, the court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending dispositive motion.

Therefore, the court finds that a stay of discovery will not prejudice any party, will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery, and is appropriate in this instance.

---

[1] *Wolf v. United States*, 157 F.R.D. 494, 494-95 (D. Kan. 1994).

**IT IS THEREFORE ORDERED** that defendants' motion to stay discovery (Doc. 16) is hereby granted, and discovery in this case is hereby **STAYED** pending a ruling by the trial judge on the pending motion to dismiss (Doc. 8).

**IT IS SO ORDERED.**

Dated this 31st day of July, 2006, at Topeka, Kansas.

                                                s/K. Gary Sebelius  
                                                K. Gary Sebelius  
                                                U.S. Magistrate Judge