**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **FRANK J. NIELANDER,** <br> **Plaintiff,** <br> **v.** <br> **THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF REPUBLIC, KANSAS, et al.,** <br> **Defendants.** | ) | **No. 06-2013-CM** |

**MEMORANDUM AND ORDER**

Plaintiff Frank J. Nielander brings this action pursuant to 42 U.S.C. § 1983 and Kansas state law, claiming that defendants (1) maliciously prosecuted him; (2) prosecuted him in retaliation for his exercise of free speech; and (3) conspired to do both. Defendants filed a motion to dismiss (Doc. 8), claiming that they are entitled to absolute immunity, qualified immunity, and/or immunity under the Kansas Tort Claims Act ("KTCA"). For the following reasons, the court grants the motion in part and denies it in part.

## I. STANDARD OF REVIEW

Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue

in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fiztgerald*, 457 U.S. 800 (1982).

## II. FACTUAL BACKGROUND[1]

Since at least March 2001, plaintiff has periodically appeared at meetings of the Board of County Commissioners of Republic County, Kansas to complain about the condition and maintenance of County Road 180 and the damage that the road has caused to his vehicles. In July 2004, plaintiff went to the Sanitary Landfill Office in the Republic County Courthouse to pay the county landfill assessment. While there, plaintiff expressed his displeasure with having to pay the assessment to defendants Mark Nordell, Director of Communications, and Beth Reed, the Solid Waste Secretary. Plaintiff suggested that defendant Reed tell County Commissioner Harold Wilber that plaintiff would not make another payment until he consulted with an attorney or County Road 180 was properly restored. Plaintiff stated that:

> a. he was not going to any more commissioner meetings as the issue had fallen on deaf ears;
> b. that County Commissioner Nelson was a complete idiot;
> c. that County Commissioner Linda Holl was like a coat rack, just stand her in the corner and she will do nothing except sit there;
> d. that County Commissioner Harold Wilber had good ideas, but would never get them approved as long as the other commissioners remained; and
> e. that Highway Administrator Alvin Perez was a poor excuse for a Road Superintendent and that Nielander would seriously question Perez's qualifications.

Plaintiff also said, "I will never come to another commissioners meeting for fear that I might want to

---

[1] The uncontroverted facts are taken from plaintiff's complaint, its attachments, and documents discussed in the complaint but not attached thereto. *See Tradesmen Int'l, Inc. v. U.S. Postal Serv.*, 234 F. Supp. 2d 1191, 1203 n.5 (D. Kan. 2002) (stating that the court may consider documents discussed in the complaint but not attached when considering a motion to dismiss). The court views the facts in the light most favorable to plaintiff.

bring along a gun." Mr. Nordell then told plaintiff, "You will pay the charge for the landfill or they will come to your house and get it." Plaintiff responded, "Then they will have another Ruby Ridge."

Defendant Reed understood that plaintiff was not mad at her, and did not interpret the Ruby Ridge reference asa threat to her. Plaintiff did not yell, and neither his tone of voice nor conduct caused defendant Reed to fear for herself.

Emergency Preparedness Director Raymond Raney was also present in the Landfill Office at the time of the discussion. Plaintiff's statements, tone of voice, and conduct did not cause Raney to investigate what was going on. After plaintiff left the office, Raney, Nordell, and Reed discussed plaintiff's visit, and Raney called the sheriff's office.

Defendant Joshua Perez, a sheriff's deputy and the son of Highway Administrator Alvin Perez, spoke with Nordell and Reed, and requested that they prepare statements. Reed's statement claimed that plaintiff said "the next time he came in, it would be with a gun and that he could promise there would be another Ruby Ridge." Nordell's statement claimed that plaintiff said "the next time he came into the Board of Commissioners he would bring a gun," and that "'they' can come out and try to collect it and we will have another Ruby Ridge." Based on these statements, defendant Perez executed an affidavit entitled "Probable Cause Determination and Order to Appear." In the affidavit, defendant Perez stated, "Your Affiant also believes that . . . [plaintiff] became very loud and very angry. [Plaintiff's] angry attitude alarmed and disturbed others in the Emergency Preparedness office."

Defendant Frank Spurney, Jr., the County Attorney, signed and verified a Complaint/Information charging plaintiff with the crimes of criminal threat (Kan. Stat. Ann. 21-3419) and disorderly conduct (Kan. Stat. Ann. 21-4101(c)). In the Complaint/Information,

defendant Spurney alleged that plaintiff had communicated "a threat to commit violence against: Republic County Commissioners and Republic County Highway Administrator with intent to terrorize another, to-wit: Beth Reed."

## III. DISCUSSION

### A. Absolute Immunity for Defendant Spurney

Defendant Spurney argues that, with respect to the claims against him in his individual capacity,[2] he is entitled to absolute prosecutorial immunity. Prosecutors are entitled to absolute immunity when they are acting within the scope of their duties as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). Specifically, prosecutors enjoy absolute immunity in the preparation and filing of criminal charges. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). As long as the prosecutor is performing in the role of an advocate, his actions fall within the ambit of absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993). Actions taken in an investigative or administrative role, however, may only be entitled to qualified immunity. *See id.* For example, where a prosecutor acts as a complaining witness, he is not absolutely immune from suit. *Kalina*, 522 U.S. at 129-31.

Plaintiff fails to allege that defendant Spurney engaged in any conduct outside the course of his role as an advocate. Plaintiff claims in his brief that defendant Spurney acted as a complaining witness, but the allegations in plaintiff's complaint indicate otherwise. The complaint merely alleges that defendant Spurney charged plaintiff with communicating "a threat to commit violence against: Republic County Commissioners and Republic County Highway Administrator with intent

---

[2] Plaintiff brings his claims against defendant Spurney in both his individual and official capacities. Plaintiff brings his claims against the other defendants in their individual capacities.

to terrorize another, to-wit: Beth Reed." According to plaintiff, defendant Spurney did not allege any factual basis for the charge. He was not functioning as a witness, and plaintiff does not allege that he investigated the event. These facts distinguish this case from *Van Deelen v. City of Eudora*, 53 F. Supp. 2d 1223 (D. Kan. 1999), where the plaintiff alleged that the prosecutor swore in a complaint that he had determined that probable cause existed and that he had independently determined that criminal activity had occurred. This case is similar to *McCormick v. City of Lawrence*, No. 03-2195-GTV, 2003 WL 22466188, at *4-*6 (D. Kan. Aug. 14, 2003), *aff'd*, 130 F. App'x 987 (10th Cir. 2005), where Judge VanBebber granted the prosecutor absolute immunity. Defendant Spurney is entitled to absolute immunity with respect to all of plaintiff's claims against him in his individual capacity. *See Shmueli v. City of New York*, 424 F.3d 231, 237 (2nd Cir. 2005) ("For example, a defense of absolute immunity from a claim for damages must be upheld against a § 1983 claim that the prosecutor commenced and continued a prosecution that was within his jurisdiction but did so for purposes of retaliation."); *Schamp v. Shelton*, No. 06-4051-SAC, 2006 WL 2927523, at *5 (D. Kan. Oct. 12, 2006) ("If a defendant prosecutor enjoys absolute immunity from liability under 42 U.S.C. § 1983, then a § 1983 conspiracy claim is subject to dismissal as well." (collecting cases)); *Massey v. Shepack*, 757 P.2d 329, 333 (Kan. Ct. App. 1988) (recognizing prosecutorial immunity in Kansas).

**B. Absolute Immunity for Defendants Reed and Nordell**

Defendants Reed and Nordell claim absolute immunity for their acts as witnesses in plaintiff's preliminary criminal hearing. Witnesses are absolutely immune from § 1983 civil liability based on their testimony in a trial. *See Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983). This immunity extends to allegations of conspiracies to provide false testimony. *See Miller v. Glanz*, 948

F.2d 1562, 1570 (10th Cir. 1991). But witness immunity is unavailable to complaining witnesses. *Anthony v. Baker*, 955 F.2d 1395, 1401 (10th Cir. 1992). "[I]n the context of a § 1983 claim for malicious prosecution, a complaining witness is not absolutely immune for testimony given in a pre-trial setting if that testimony is relevant to the manner in which the complaining witness initiated or perpetuated the prosecution." *Id.*

The question, then, is whether defendants Reed and Nordell were acting as complaining witnesses. A complaining witness is "the person (or persons) who actively instigated or encouraged the prosecution of the plaintiff." *Id.* at 1399 n.2. "[M]erely reporting facts to a law enforcement officer who then deems a crime to have been committed and directs the defendant's arrest is not sufficient to establish [that the person instigated the proceedings]." *Arceo v. City of Junction City, Kan.*, 182 F. Supp. 2d 1062, 1087-88 (D. Kan. 2002). As long as a person makes a diligent effort to report available information in good faith, the person will not be liable for malicious prosecution. *Id.* (citing *Nelson v. Miller*, 607 P.2d 438, 445 (Kan. 1980)).

Plaintiff alleges facts sufficient to suggest that defendants Reed and Nordell were complaining witnesses—according to plaintiff, defendants Reed and Nordell lied in their statements to law enforcement. Without the allegedly untrue statements, law enforcement may not have pursued the charges against plaintiff. Based on the allegations in plaintiff's complaint, the court cannot find that absolute immunity is appropriate. *See Allin v. Schuchmann*, 886 F. Supp. 793, 798-99 (D. Kan. 1995) (observing that liability may result where a person goes to the authorities with information known to be false in the absence of a request for such information and an ongoing investigation).

**C. Qualified Immunity**

Public officials performing discretionary functions generally enjoy qualified immunity from civil damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. The questions before the court are whether defendants violated a constitutional right, and, if so, whether that right was clearly established such that a reasonable person in the official's position would have known that his or her conduct violated that right. *Moore v. City of Wynnewood*, 57 F.3d 924, 931 (10th Cir. 1995).

1. **Malicious Prosecution**

Defendants assert qualified immunity as to plaintiff's malicious prosecution claims, arguing that (1) probable cause existed for at least one of the charges against plaintiff or a reasonable person would have believed that probable cause existed; (2) plaintiff's allegations of malice are conclusory; and (3) defendants Reed, Nordell, and the Board of County Commissioners did not initiate the proceedings, and defendant Perez did not make the decision to prosecute.

The elements for malicious prosecution under § 1983 and Kansas law are the same. *See Gaschler v. Scott County*, 963 F. Supp. 971, 979 (D. Kan. 1997). In Kansas, a plaintiff must prove the following elements to support an action for malicious prosecution:

> (a) That the defendant initiated, continued, or procured criminal proceedings against the plaintiff.
> (b) That the defendant in so doing acted without probable cause.
> (c) That the defendant acted with malice, that is he acted primarily for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based.
> (d) That the proceedings terminated in favor of the plaintiff.
> (e) That the plaintiff sustained damages.

*Nelson*, 607 P.2d at 443 (citations omitted). The "ultimate question," however, for a claim brought

under § 1983, is "whether the plaintiff has proven a *constitutional* violation." *Taylor v. Meacham,* 82 F.3d 1556, 1561 (10th Cir. 1996) (emphasis in original). Plaintiff must therefore show that defendants' actions violated plaintiff's Fourth Amendment right to be free from unreasonable seizures. *Id.* A crucial inquiry is whether defendant acted without probable cause. *See Elbrader v. Blevins*, 757 F. Supp. 1174, 1178 (D. Kan. 1991).

The court finds that plaintiff has raised a question whether defendants had probable cause for either charge. On January 13, 2005, Kansas District Judge Thomas M. Tuggle dismissed the charge of criminal threat based on a finding of no probable cause. For the disorderly conduct charge, Kan. Stat. Ann. 21-4101(c) defines disorderly conduct as "using offensive, obscene, or abusive language or engaging in noisy conduct tending reasonably to arouse alarm, anger or resentment in others." Under plaintiff's version of events, he did not threaten to bring a gun to a Commissioners' meeting. Under plaintiff's version of events, neither defendant Nordell nor Reed immediately remembered the circumstances of Ruby Ridge, and neither was threatened by the comment. And plaintiff did not yell in the Landfill office. Plaintiff's complaint raises an issue as to whether defendants acted without probable cause.

If probable cause did not exist, then plaintiff is entitled to an inference of malice. *See Thompson v. Gen. Fin. Co.*, 468 P.2d 269, 273 (Kan. 1970) ("In a malicious prosecution action malice may be inferred where a person acts without probable cause in instituting a criminal proceeding against another; that is to say, want of probable cause may be evidence of malice."); *Smith v. St. Paul Fire & Marine Ins. Co.*, 905 F. Supp. 909, 918-19 (D. Kan. 1995) (citation omitted). Plaintiff has therefore pleaded facts sufficient to suggest that defendants acted with malice.

The court also finds that defendants Reed, Nordell, and Perez may have initiated, continued, or procured the criminal proceedings. The fact that defendant Spurney made the final decision to prosecute is of no consequence. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (10th Cir. 2004) ("A prosecutor's decision to charge, a grand jury's decision to indict, a prosecutor's decision not to drop charges but to proceed to trial—none of these decisions will shield a police officer who deliberately supplied misleading information that influenced the decision.'" (quoting *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988))). "[A] prosecutor's decision to charge will not shield a law enforcement officer whose misconduct influences the prosecutor's decision." *Fillmore v. Ordonez*, 829 F. Supp. 1544, 1560 (D. Kan. 1993) (citing *Robinson v. Maruffi*, 895 F.2d 649, 656 (10th Cir. 1990)). "The prosecutor's actions under such circumstances are not independent from, but rather dependent on, the police officer's wrongful conduct." *Thomas v. City of Snyder*, No. 95-6252, 1996 WL 662453, at *4 (10th Cir. Nov. 15, 1996) (citing *Robinson*, 895 F.2d at 656). Plaintiff's allegations that defendants misrepresented the facts leading to a finding of probable cause are sufficient to suggest that defendants initiated the proceedings.

Plaintiff's allegations also indicate that a reasonable person would have known that he was violating the law by contriving statements for the criminal charges. "Where an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for a finding of probable cause, as where a material omission is intended to enhance the contents of the affidavit as support for a conclusion of probable cause, the shield of qualified immunity is lost." *Golino v. City of New Haven*, 950 F.2d 864, 871 (2d Cir. 1991) (citations omitted). Defendants argue that, objectively, they acted reasonably under the circumstances. They submit that if they had ignored plaintiff's comments and plaintiff had indeed brought a gun to the next Commissioners' meeting, defendants'

inaction would have been inexcusable. Defendants may be right; they may have had a duty to report the events to the prosecutor's office. But if they had such a duty, it was to report the events accurately and without embellishment. Under plaintiff's version of the facts, defendants did not accurately report the events, and defendants' changes may have made the difference in whether the prosecutor elected to charge plaintiff. Defendants are not entitled to qualified immunity as to plaintiff's malicious prosecution claim.

**2. Retaliation for Exercise of Free Speech**

Defendants claim that they are entitled to qualified immunity with respect to plaintiff's retaliation claims because (1) plaintiff's speech was not constitutionally protected; (2) defendants lacked retaliatory motive; and/or (3) if the speech was protected, the right was not clearly established.

The First Amendment prohibits retaliation for protected speech. *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998). "[A]ny form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom." *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (citation and internal quotation marks omitted). The court examines the following factors when the alleged infringer is not the plaintiff's employer or bound by contract with the plaintiff:

> (1) that the plaintiff "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused the plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct."

*Id.* at 1212 (citation omitted).

Defendants are not entitled to qualified immunity on this claim. Under plaintiff's version of the events, a jury could find that plaintiff engaged in constitutionally protected speech regarding a

matter of public concern. A jury could also find that plaintiff's words did not constitute "fighting words." *See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 759 n.5 (1985) (noting that fighting words are not afforded protection under the Constitution). Plaintiff alleges facts suggesting that he criticized public officials for nonfeasance. Plaintiff also alleges facts suggesting that defendants acted with retaliatory motive. If, as plaintiff claims, defendants pursued charges against plaintiff in retaliation for his complaints of poor road maintenance and criticism of public officials, then defendants may have violated plaintiff's clearly established right to free speech.

**3. Conspiracy**

Qualified immunity also does not protect defendants from plaintiff's conspiracy claims. Plaintiff has pleaded facts suggesting that defendants worked in concert to bring charges against him. He asserts that the timing of the events, multiple meetings between the parties, and multiple modifications of defendants' statements demonstrate the existence of a conspiracy. Taking the facts asserted in plaintiff's complaint as true, a jury could find that a conspiracy existed. And if a conspiracy existed to maliciously prosecute plaintiff and to punish him for criticism of public officials, then defendants should have known that their conduct was unlawful.

**D. Tort Claims Defenses**

The discretionary-function exception to the KTCA does not protect defendants from plaintiff's malicious prosecution, retaliation, or conspiracy claims. *See Hopkins v. State*, 702 P.2d 311, 319 (Kan. 1985) (holding that an officer who acts maliciously is not protected by KTCA discretionary-function immunity); *Burgess v. West*, 817 F. Supp. 1520, 1526 (D. Kan. 1993) ("[T]he section 75-6104 exceptions to liability only protect negligent conduct, but not willful or wanton acts by governmental employees."). Because plaintiff claims that defendants acted with malice, defendants are not entitled to immunity under the KTCA.

**E. Municipal Liability**

Plaintiff sued defendant Spurney in both his individual and official capacities. As previously noted, defendant Spurney is entitled to absolute immunity for the claims against him in his individual capacity. The claims against defendant Spurney in his official capacity are actually claims against the Board of Commissioners; "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S 159, 166 (1985) (citation omitted).

Although defendant Spurney is entitled to absolute immunity for the claims against him in his individual capacity, the Board of County Commissioners has no immunity. *See Owen v. City of Independence*, 445 U.S. 622, 657 (1980). Plaintiff alleges that defendant Spurney possessed final authority to establish municipal policy. If, as plaintiff alleges, defendant Spurney maliciously prosecuted plaintiff, impermissibly retaliated against him, or conspired to do either, then the Board may be responsible for defendant Spurney's actions under federal or state law. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (holding that municipal liability may attach where a "decisionmaker possesses final authority to establish municipal liability with respect to the action ordered"); Kan. Stat. Ann. § 75-6103 (providing that a governmental entity is liable for damages caused by the wrongful acts of its employees).

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 8) is granted in part and denied in part. The claims against defendant Spurney in his individual capacity are dismissed.

Dated this 31st_ day of October 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**