**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

FRANK J. NIELANDER,

                Plaintiff,

      v.                                               Case No. 06-2013-CM-KGS

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF REPUBLIC, KANSAS,
MARK NORDELL, JOSHUA PEREZ, BETH REED, and
FRANK SPURNEY, in his official capacity as the
REPUBLIC COUNTY ATTORNEY,

                Defendants.

---

## <u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Plaintiff, pursuant to Fed. R. Civ. P. 15(a), moves the Court for leave to file an amended

complaint.  Plaintiff seeks such leave to assert claims under Kansas law after having complied with

the condition precedent of K.S.A. 12-105b.  In support of plaintiff's motion, plaintiff states the

following:

      1.      Plaintiff filed the Complaint herein case on or about January 12, 2006.  (Doc. 1).

      2.      Also on January 12, 2006, counsel for plaintiff served upon the Republic County

Clerk and upon the members of the governing body, a notice pursuant to K.S.A. 12-105b(d).[1]

---

[1]K.S.A. 12-105b(d) provides, in pertinent part:

Any person having a claim against a municipality which could give rise to an action brought under
the Kansas tort claims act shall file a written notice as provided in this subsection before commencing
such action. . . . . In the filing of a notice of claim, substantial compliance with the provisions and

3.       Defendant Board of County Commissioners of the County of Republic, did not respond to or otherwise deny the claims set forth in said notice.

4.       On or about March 14, 2006, Defendants filed a motion to dismiss.

5.       By operation of law, the the 12-105b notice expired on June 8, 2006.  Also by operation of law, plaintiff was afforded ninety (90) days from the expiration of said notice in which to commence an action for purposes of the Kansas Tort Claims Act for state law claims against all defendants.

6.       On July 31, 2006, the parties entered a tolling agreement in which defendants agreed to toll the applicable statute of limitations for a period of 37 days following the date the court ruled upon defendants' motion to dismiss.  The Court so ruled on November 1, 2006.  December 8, 2006 is the 37th day following said ruling.

7.        In accordance with the Court's ruling that defendant Spurney is entitled to prosecutorial immunity in his official capacity, the First Amended Complaint omits claims against defendant Spurney in his individual capacity.

8.       The First Amended Complaint, at ¶ 31, corrects an allegation that defendant Nordell, rather than Raymond Raney, called the sheriff's office.

9.       The First Amended Complaint, at ¶¶ 93 and 94, pleads compliance with K.S.A. 12-105b for purposes of state law claims set forth therein.

---

requirements of this subsection shall constitute valid filing of a claim. . . . . Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality unless the claim has been denied in whole or part. . . .  [A] claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action.

10.     In accordance with ¶ 3.a of the Amended Scheduling Order (Doc. 23), "Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by December 18, 2006."  Said date has not expired.

11.     Pursuant to F.R.Civ.P. 15(a), "leave [to amend a party's pleading] shall be freely given when justice so requires."

12.     Amendment of the complaint will result in no prejudice to any of the defendants.

13.     Draft copies of the proposed amended complaint have been provided to defendants' counsel.  Several attempts have been contact defendants' counsel by telephone with voice mail messages left; the e-mails for counsel's position on the instant motion met with an "out of office" automatic reply stating counsel was unavailable until after December 6, 2006.  Thus, plaintiff is unable to state defendant's position on the proposed amendment.

Wherefore, plaintiff asks that this Court, for good cause shown, to grant his motion to file a First Amended Complaint.  The proposed First Amended Complaint is attached.

FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 S.W. 5th Street
P. O. Box 949
Topeka, Kansas 66601-0949          (785) 232-7761
E-Mail:          dcooper@fisherpatterson.com
                 twatson@fisherpatterson.com


s/David R. Cooper
David R. Cooper                                  #16690
Teresa L. Watson                                 #16654
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2006, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Wendell F. Cowan, Jr.  I further certify that I caused the foregoing document and notice of electronic filing to be mailed by first-class mail to the following non-CM/ECF participants:  No one.

s/David R. Cooper                                        

DC939.26124

David R. Cooper