kaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FRANK J. NIELANDER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| **BOARD OF COUNTY** ) | Case No. 06-2013-JAR |
| **COMMISSIONERS OF THE COUNTY** ) | |
| **OF REPUBLIC, KANSAS, MARK** ) | |
| **NORDELL, JOSHUA PEREZ, BETH** ) | |
| **REED, AND FRANK SPURNEY AS** ) | |
| **REPUBLIC COUNTY ATTORNEY,** ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

The Court now considers defendants' Motion for Protective Order (Doc. 71). For the reasons set forth below, defendants' motion is granted.

**Background**

Plaintiff brought this action for malicious prosecution under federal and state law, retaliation in violation of his First Amendment rights, conspiracy and municipal liability. The Scheduling Order was entered on November 20, 2006, establishing that discovery conclude on March 19, 2007 (Doc. 23). On November 5, 2007, plaintiff filed a Request for Admission, over six months after the discovery deadline. Defendants subsequently filed this motion for a protective order.

**Discussion**

Defendants move for a protective order that defendants need not respond to plaintiff's request for admission. Plaintiff filed a request for admission regarding the truth of plaintiff's employment opportunity with XTO Energy, a company located in Fairfield, Texas. In the

request, plaintiff seeks admissions of facts showing that plaintiff was hired, and the details regarding plaintiff's salary and duties. Defendant argues that the request is a discovery device and because the discovery deadline has expired, the request should be denied. Plaintiff on the other hand, argues that a request for admission is not a discovery device and therefore, defendants should be made to respond.

The parties have noted that there is split of authority on whether a request for admissions is a discovery device. Defendants rely on *Epling v. UCB Films, Inc.*,[1] a district of Kansas case, finding that a request for admission is a discovery device.[2] Plaintiff argues that the ruling in that case is incorrect as the substantial weight of authority in other circuits decide the issue in his favor. Both parties state the issue as one to determine whether a request for admission is a discovery device; but, the true issue, and the one contested here, is whether a party must respond to a request for admission after the discovery deadline. This Court finds, in this case, that defendants need not respond to plaintiff's request for admission.

Rule 36(a) of the Federal Rules of Civil Procedure provides that "[a] party may serve upon any other party a written request for admission . . . of the truth of any matter within the scope of Rule 26(b)(1)." "Without leave of court or written stipulation, requests for admission may not be served before the time specified in rule 26(d)."[3] As Rule 36(a) contemplates, a request for admission should not be permitted until there has been a Rule 26(f) conference. On the same accord, it is not incongruent to conclude that a request for admission after the discovery

---

[1] Nos. 98-4226-SAC, CIV. A. 98-4227-RDR, 2000 WL 1466216 (D. Kan. Aug. 7, 2000).

[2] *Id.* at *24.

[3] Fed. R. Civ. P. 36(a).

deadline is not permitted.  In *Epling*, Judge Waxse reasoned that a request for admission should not be permitted because Rule 36 is within the Section of the Federal Rules of Civil Procedure titled "Depositions and Discovery," and because the Rules of Practice and Procedure of the District of Kansas contemplate that a request for admission is a discovery device.[4]  Judge Waxse is correct.  Though plaintiff cites to authority that provides that a request for admission is not a discovery device, those cases do not speak to the issue.  Indeed, in cases where the deadline for discovery would expire before a party would be required to respond to a request for admission, courts have required the request for admission to be answered.[5]  In those cases, the deadline for discovery had not expired, but would elapse before the party was required to respond.[6]  In this case, plaintiff seeks a request for admission some six months after the discovery deadline, quite a different matter than making the request during the pendency of discovery.[7]  As such, defendants' request for a protective order is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendants' Motion for a Protective Order (Doc. 71) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this  21st  day of December 2007.

---

[4] *Epling,* 2000 WL 1466216, at *24.

[5] *See Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 17 (D. D.C.  2004) (admission would be due two days after expiration of discovery deadline); *Leach v. Quality Health Serv., Inc.*, 162 F.R.D. 40, 42 (E.D. Pa., 1995) (admission due after two and one-half weeks after discovery deadline).

[6] *See Hurt v. Cylinder Co.*, 124 F.R.D. 614, 615 (W.D. Tenn. 1989).

[7] *See Cent. Maine Power Co. v. Foster Wheeler Corp.*, 115 F.R.D. 294, 295 (D. Me. 1987); *Kershner v. Beliot Corp.*, 106 F.R.D. 498, 499 (D. Me. 1985).

                                                S/ Julie A. Robinson  
                                                **Julie A. Robinson**  
                                                **United States District Judge**